**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 20-0333** (Mercer County 18-F-282-DS)

**William Shane Vaughn,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner William Shane Vaughn, by counsel Kenneth E. Chittum, appeals the Circuit Court of Mercer County's March 17, 2020, order denying his petition for writ of error coram nobis. Respondent the State of West Virginia, by counsel Patrick Morrisey and Andrea Nease Proper, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 7, 2018, law enforcement filed a criminal complaint against petitioner alleging that he violated West Virginia Code § 61-8C-3, distribution of child pornography. According to that complaint, the investigating officer received a referral from the National Center for Missing & Exploited Children that traced access to a digital picture file containing pornography back to petitioner's Facebook account. Law enforcement obtained and executed a search warrant of petitioner's home; they also alleged that petitioner admitted sending the incriminating photograph. On October 30, 2018, the State filed a single-count information against petitioner for distribution of child pornography.

In October of 2018, petitioner entered, and the circuit court accepted, petitioner's guilty plea to distribution of child pornography. The plea agreement provided, in relevant part, as follows:

2. [Petitioner] will tender a plea of guilty, by information, to [one count of distribution of child pornography] . . .

3. The State will remain silent as to sentencing and will not oppose any motions

made by [petitioner].

4. Pursuant to the provisions of West Virginia Code [s]ection 61-8C-3(a)(b) for the offense of Distribution of Child Pornography is confinement in the penitentiary for not more than two (2) years, or find not exceeding Two Thousand Dollars ($2,000), or both.

5. [Petitioner] acknowledges the fact that for the offense of Distribution of Child Pornography, he may be sentenced to the penitentiary for not more than two (2) years or fined not more than Two Thousand Dollars ($2,000) or both.

6. [Petitioner] fully understands that sentencing is within the sole discretion of the [c]ourt. Further, [petitioner] understands that any unpleasant or unanticipated sentence does not give [petitioner] the right to withdraw from this Agreement.

During petitioner's May 30, 2019, sentencing hearing, petitioner moved for probation and deferred adjudication, and the State stood silent as to sentencing. The circuit court denied petitioner's motion for deferred adjudication, instead sentencing petitioner to a determinate term of two years of incarceration, suspended the sentence, placed petitioner on probation for three years, ordered petitioner to pay all court costs within one year, ordered that petitioner be placed on extended supervision for five years, and ordered petitioner to register as a sex offender.

On August 9, 2019, petitioner filed a motion for reconsideration of that sentence, asserting that "from the very beginning of this case, the defendant has been very remorseful for the crime that led to the entrance of his plea." He also asserted that he would like to work and not be required to register as a sex offender, citing his sex offender evaluation that concluded that he is "in the low range of re-offending." The circuit court denied that motion by order entered on August 26, 2019.

Thereafter, petitioner filed a motion to withdraw his plea. In support of that motion, petitioner asserted that "at no time was [he] informed or advised that the registry was a possible consequence;" his counsel "failed to advise [petitioner] that he would be subject to life-time placement on the [s]exual [o]ffender [r]egistry—a fact that would have impacted [petitioner's] decision to plead guilty;" and that had petitioner "been properly advised by his counsel that he was subject to life-time registration . . . he would not have pled guilty." The circuit court held a hearing on that motion on November 21, 2019, and denied the motion.

Petitioner then filed a petition for writ of error coram nobis, by counsel, on January 21, 2020, applying this Court's factors set forth in *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015) ("*Hutton I*").[1] He argued that the lifetime registration requirement is an extraordinary

---

[1] A claim of legal error may be brought in a petition for a writ of error coram nobis only in extraordinary circumstances and if the petitioner shows that (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction

(Continued . . .)

circumstance; no other remedy is available to petitioner to challenge his plea; petitioner had no reason to attack his plea earlier because he was not made aware of the lifetime registration requirement until he met with his probation officer following sentencing; and he was denied effective assistance of counsel because trial counsel failed to properly inform him of the registration consequences for the conviction of distribution of child pornography. During the evidentiary hearing, petitioner, petitioner's mother, and petitioner's trial counsel testified. Counsel testified that at the time of sentencing she believed that lifetime registration was discretionary but later learned that it is mandatory when a minor is involved. Trial counsel testified that she discussed registration with petitioner and informed him that there was a possibility that he would have to register for life; however, she was uncertain as to how long petitioner would have to register. She further testified that petitioner's decision to accept the plea was due to the possibility of deferred adjudication. The circuit court took the matter under advisement. It then entered its March 17, 2020, order denying petitioner's petition for writ of error coram nobis.

In its order, the circuit court focused on the fourth *Hutton I* factor: "the error presents a denial of a fundamental constitutional right." *Id.* at Syl. Pt. 5, in part. According to the circuit court's order, petitioner asserted that trial counsel failed to inform him that if he pled guilty, State law required that he register as a sex offender for the rest of his life, contending that "the error presents a denial of a fundamental constitutional right to his personal liberty" and that he was "denied effective assistance of counsel in that he was not advised of the life-time registration requirement." The circuit court concluded that the fundamental right at issue here is the right to effective assistance of counsel. Therefore, it looked to the *Strickland/Miller* test[2] for ineffective assistance of counsel. It recognized that petitioner was convicted of a qualifying offense that involved a minor so petitioner is subject to the lifetime registration requirement.

The circuit court found that

> it is clear that trial counsel committed an error by failing to inform [petitioner] that life time registration would be *mandatory* if he pled guilty to the crime of Distribution of Child Pornography . . . However, in determining whether trial counsel's performance was constitutionally deficient, it is not enough to merely

---

> earlier; (3) there exists a substantial adverse consequence from the conviction; and (4) the error presents a denial of a fundamental constitutional right.

Syl. Pt. 5, *State v. Hutton*, 235 W. Va. 724, 776 S.E.2d 621 (2015) ("*Hutton I*").

> [2] "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *State v. Hutton*, 239 W. Va. 853, 806 S.E.2d 777 (2017) ("*Hutton II*").

3

find that trial counsel committed an error. Instead, the [c]ourt must determine whether "[c]ounsel's performance was deficient under an objective standard of reasonableness."

In so doing, the circuit court determined that the question hinges on whether a reasonable attorney, acting under the circumstances of trial counsel, would have gleaned such registration requirement from the relevant code section when advising their client of the consequences of entering a plea of guilty. The circuit court set forth that

> [g]iven the unambiguous nature of the registration requirement as set forth in the Sex Offender Registration Act, the [c]ourt finds that a reasonable attorney would have discovered such registration requirement. Further, given the drastic nature of the requirement (i.e., a lifetime) the [c]ourt further finds that a reasonable attorney would have disclosed such *mandatory* lifetime requirement to [petitioner] prior to pleading guilty.

It, therefore, concluded that trial counsel's performance was constitutionally deficient.

The circuit court next addressed the prejudice requirement of the *Strickland/Miller* test and this Court's adoption of the modified prejudice requirement in post-conviction habeas proceedings "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Syl. Pt. 6, in part, *Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). The *Vernatter* standard was applied by this Court in *Hutton II*. Here, the circuit court addressed the State's evidence, which was a single photograph depicting a minor engaging in undisputedly sexually explicit conduct. The State intended to offer the testimony of the investigating officer who received the referral regarding petitioner. The circuit court also noted that petitioner did not dispute that he saw and transmitted the photograph. However, he alleged that he did not know that the person engaging in the sexually explicit conduct in the photograph was a minor. The circuit court found, upon consideration of the evidence presented, "the State demonstrated a strong, though not invincible, case against [petitioner]." With regard to potential penalties if petitioner proceeded to trial, rather than entering into the plea agreement, the circuit court found that "even though the liberty interest at stake in [petitioner's] prospective jury trial and sentencing, post plea, were the same, the guilty plea provided some advantage for [petitioner] going into sentencing of increasing his odds at receiving an alternative sentence. . . . Thus, the question before the [circuit c]ourt is refined to whether it would be *rational* for [petitioner], in light of all the facts and circumstances of this case, to reject the plea and move forward with a jury trial." It noted that any assessment of rationality of the decision must also consider the main contention in petitioner's petition: "rejecting the plea because he would have to register for life if he entered a plea of guilty. Undoubtedly, by requiring [petitioner] to register for the rest of his life, he incurs restraints on his liberty through various reporting and supervision requirements."

The circuit court went on to compare the restraints due to sex offender registration with those of incarceration and concluded that it did "not see how it would be rational for [petitioner] to risk such loss of liberty—especially in light of the strength of the evidence against him." It also found that "such irrationality is compounded by the fact that *if* he were found guilty, he would still

face the same registration requirement that [petitioner] attempted to avoid by abandoning his plea and seeking a jury trial." The circuit court found that a reasonable probability does not exist that convinces the court that petitioner would have rejected the plea and elected to proceed to trial if he knew that lifetime registration was required. It, therefore, determined that petitioner was not deprived of his fundamental right to effective assistance of counsel, so he failed to satisfy the fourth *Hutton I* factor. The court denied petitioner's petition for a writ of error coram nobis. Petitioner appeals from that March 17, 2020, order.[3]

On appeal, petitioner sets forth a single assignment of error: The circuit court erred in denying petitioner's writ of error coram nobis on the basis that petitioner was not prejudiced after finding that trial counsel's performance was constitutionally deficient.

> "We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 2, in part, *Walker v. West Virginia Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997). *Accord State v. Murray*, 235 W. Va. 312, 319, 773 S.E.2d 656, 663 (2015).

*Hutton II at* 857, 806 S.E.2d at 781.

In support of his assignment of error, petitioner points out that the circuit court found it could not set aside a guilty plea unless it is an appeal or habeas, but petitioner's time for appeal had passed. It also found that petitioner could not pursue a habeas because he was not incarcerated. Therefore, the first *Hutton I* prong had been established. With regard to the second factor, petitioner consulted with and retained private counsel after his motion for reconsideration, which was denied. After his motion to withdraw his plea was also denied, petitioner filed a petition for a writ of error coram nobis. Therefore, the circuit court found that petitioner had met the second *Hutton I* prong. Likewise, the circuit court found the fact that petitioner has to register as a lifetime sex offender was a sufficient adverse consequence so the third *Hutton I* prong had been met.

He asserts that the fourth prong, the denial of a fundamental constitutional right, is the one at issue under the circuit court's order. Here, petitioner's trial counsel misinformed petitioner as to whether he was required to register as a sex offender for life, mistakenly informing him that he "may" have to register for life despite the statute requiring it. Petitioner argues that, like deportation in *Hutton I* and *Hutton II*, mandatory lifetime registration is "significant collateral

---

[3] Due to his failure to cite to the appendix record in his statement of the case, we remind petitioner's counsel of his obligation under Rule 10(c)(4) of the West Virginia Rules of Appellate Procedure, which requires that a petitioner's brief "shall contain" the following:

> *Statement of the Case*: Supported by appropriate and specific references to the appendix or designated record, the statement of the case must contain a concise account of the procedural history of the case and a statement of the facts of the case that are relevant to the assignments of error.

damage to pleading guilty to a charge." That led the circuit court to find that trial counsel's performance was constitutionally deficient under *Strickland*. Petitioner argues that, with regard to prejudice, the circuit court erred in finding that petitioner was not prejudiced because the result would have been the same. Petitioner claims that he did not want to admit guilt and testified that he could not see the subject minor's face since her back was to the camera, making it impossible for him to know her age. Without citing law, petitioner contends that his actual knowledge of the girl's age is at the crux of his defense. He argues that this is a "very viable, trial issue to present to a jury. Rather than facing life-time registration, [p]etitioner would have went to trial." He also asserts that he did not know that he would be statutorily required to register for life on the sex offender registry; such registration impedes his freedom. Petitioner further asserts that lifetime registration is a more draconian punishment than a mere two years in jail. Therefore, petitioner argues properly informing him of the statutorily required registration would have made a difference in his decision to plead guilty.

We agree with the circuit court's conclusion that the first prong of the *Strickland/Miller* test is satisfied because counsel's provision of admittedly incorrect information regarding the discretionary imposition of lifetime sexual offender registration constitutes deficient performance. However, petitioner has not satisfied the second prong of the *Strickland/Miller* test: there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. As this Court found in *Hutton II*, "[u]nder the prejudice prong of *Strickland*, '[t]he potential strength of the state's case must inform our analysis, inasmuch as a reasonable defendant would surely take it into account.' *Ostrander v. Green*, 46 F.3d 347, 356 (4th Cir. 1995), *overruled on other grounds by*, *O'Dell v Netherland*, 95 F.3d 1214 (4th Cir. 1996) (en banc)." *Hutton II* at 862, 806 S.E.2d at 786. Further, petitioner has a heavy burden because "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). "Under these rules and presumptions, the cases in which a defendant may prevail on the ground of ineffective assistance of counsel are few and far between one another." *Miller*, 194 W. Va. at 16, 459 S.E.2d at 127.

The State admits that the evidence regarding petitioner's underlying crime is not fully developed on appeal due to the fact that he entered a plea early in the case. It asserts, however, that it is undisputed that petitioner possessed and distributed a photograph of a thirteen-year-old girl performing oral sex on an adult male. West Virginia Code § 61-8C-3(a) provides: "Any person who, knowingly and willfully, sends or causes to be sent or distributes, exhibits, possesses, electronically accesses with intent to view or displays or transports any material visually portraying a minor engaged in any sexually explicit conduct is guilty of a felony." In determining whether it would be rational for petitioner to reject the plea agreement and proceed to trial, the circuit court addressed the potential penalties if petitioner had proceeded to trial, which were two years of imprisonment and/or a $2,000 fine. It noted that one of the benefits of the plea agreement was that the State would stand silent as to deferred adjudication at sentencing, which increased the potential for petitioner to receive probation, which he did. As the circuit court set forth, "even though the liberty interest at stake in [petitioner's] prospective jury trial and sentencing, post plea, were the same, the guilty plea provided some advantage for [petitioner] going into sentencing of increasing his odds at receiving an alternative sentence." It went on to observe that petitioner's plea of guilt also lessened the threat of incarceration and that the "risk of losing [his] freedom would likely motivate the rational actor to place substantially more weight into taking necessary steps to ensure

such liberty is preserved." The circuit court determined that it did "not see how it would be rational for [petitioner] to risk such loss of liberty—especially in light of the strength of the evidence against him." It also noted that if petitioner went to trial and was convicted by a jury of the crime, he would be subject to the same mandatory lifetime sexual offender requirement of which he now complains. Based upon the facts of this case, the record before this Court, and the circuit court's well-reasoned findings, we cannot find that the circuit court abused its discretion in denying petitioner's petition for writ of error coram nobis.

Affirmed.

**ISSUED:** October 29, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

7